1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,              No.  2:06-cr-0236 TLN KJN P

12                 Respondent,              (No. 2:15-cv-0232 TLN KJN P)

13          v.

14   FRANCISCO EMILIO VEGA,                 FINDINGS AND RECOMMENDATIONS

15                 Movant.

16

17          Movant, a federal prisoner proceeding pro se, filed a motion to vacate, set aside, or correct

18   his sentence pursuant to 28 U.S.C. § 2255, on January 26, 2015.  On March 6, 2015, respondent

19   filed a motion to dismiss for lack of jurisdiction and to stay briefing on the merits.  On March 18,

20   2015, movant filed an opposition to the motion.  As set forth below, the court finds that the

21   motion should be granted.

22          The court's records reveal that movant previously filed a motion to vacate, set aside or

23   correct his sentence.  The first motion was filed on March 31, 2011, stayed for a period of time,

24   then denied on the merits on July 8, 2013.

25          Before movant can proceed with the instant motion, he must move in the United States

26   Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider the

27   application.  "A second or successive motion must be certified as provided in section 2244 by a

28   panel of the appropriate court of appeals."  28 U.S.C. § 2255; see also 28 U.S.C. § 2244(b)(3).

                                                    1

1   Therefore, this petition should be dismissed without prejudice to its re-filing upon obtaining

2   authorization from the United States Court of Appeals for the Ninth Circuit.

3       Movant argues that his prior § 2255 motion does not constitute a first § 2255 motion for

4   second or successive purposes because the court did not provide him with a warning, clearly

5   explaining the restrictions imposed on second or successive § 2255 motions, citing United States

6   v. Miller, 197 F.3d 644 (3rd Cir. 1997).  Movant's argument is unavailing because Miller is

7   distinguishable on its facts.  In Miller, the prisoner filed two post-conviction motions, one

8   requesting dismissal of the indictment, alleging prosecutorial misconduct, and the second sought

9   a new trial based on the same misconduct.  Id.  The district court combined the motions and

10  construed them as one § 2255 motion.  The Third Circuit noted that such construction was proper

11  prior to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), but that

12  following AEDPA, such construction should not occur unless the prisoner is first warned of the

13  consequences of such recharacterization.  Miller, 197 F.3d at 649-50.  As the Supreme Court

14  subsequently explained, "[t]he limitation applies when a court recharacterizes a pro se litigant's

15  motion as a first § 2255 motion."  Castro v. United States, 540 U.S. 375, 383, 124 S. Ct. 786, 792

16  (2003).

17      No such recharacterization occurred here.  On March 31, 2011, movant filed a § 2255

18  motion on the court's form which is entitled, "Motion Under 28 U.S.C. § 2255 to Vacate, Set

19  Aside, or Correct Sentence by a Person in Federal Custody."  (ECF No. 91.)  Appended to the

20  form § 2255 motion was movant's own typewritten memorandum of law and points and

21  authorities "in support of his motion to vacate, set-aside, or correct sentence pursuant to Title 28,

22  United States, Code, § 2255."  (ECF No. 91 at 14.)  Thus, movant himself characterized his

23  motion as brought under § 2255, and the court accepted movant's own characterization.  Thus,

24  the court did not deprive movant of his opportunity to exercise rights under § 2255.

25      Movant's second motion, filed January 27, 2015, was typed by movant, and is entitled

26  "Memorandum of Law, Points and Authorities in Support of his Motion filed Pursuant to 28

27  U.S.C. § 2255."  (ECF No. 139.)

28  ////

2

1    Thus, unlike in Miller, the court did not recharacterize filings by movant; rather, movant

2    chose to file § 2255 motions.  Because no recharacterization occurred, the limitation on the

3    district court's ability to recharacterize the motion does not apply here.  Castro, 540 U.S. at 383.

4    However, as set forth above, the dismissal of this second motion is without prejudice to movant

5    applying for authorization to file a second motion from the Ninth Circuit.  A three-judge panel of

6    the court of appeals reviews the application and determines whether movant has made a prima

7    facie showing that the application meets the statutory exceptions set forth in 28 U.S.C. § 2255(h).

8    Accordingly, IT IS HEREBY RECOMMENDED that:

9    1. Respondent's motion to dismiss (ECF No. 144) be granted;

10    2. Movant's January 26, 2015 motion to vacate, set aside, or correct his sentence pursuant

11    to 28 U.S.C. § 2255 (ECF No. 139) be denied without prejudice; and

12    3. The Clerk of the Court be directed to close the companion civil case No. 2:15-cv-0232

13    TLN KJN P.

14    These findings and recommendations are submitted to the United States District Judge

15    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

16    after being served with these findings and recommendations, any party may file written

17    objections with the court and serve a copy on all parties.  Such a document should be captioned

18    "Objections to Magistrate Judge's Findings and Recommendations."  If movant files objections,

19    he shall also address whether a certificate of appealability should issue and, if so, why and as to

20    which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the

21    applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.

22    § 2253(c)(3).  Any response to the objections shall be served and filed within fourteen days after

23    service of the objections.  The parties are advised that failure to file objections within the

24    specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

25    F.2d 1153 (9th Cir. 1991).

26    Dated:  November 16, 2015

27

28    /vega2136.mtd.suc

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3